

FILED
8/4/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRANKLIN C. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.  21-1871 (UNA) |
| U.S. DEPUTY MARSHAL TIBBEF, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Before the Court is *pro se* Plaintiff's application to proceed *in forma pauperis* and his civil complaint.  For the reasons below, Plaintiff's case is dismissed.

While complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers,  *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  *See* Fed. R. Civ. P. 8(a).  Rule 8 ensures that defendants receive fair notice of any asserted claims, so they can determine whether the doctrine of *res judicata* applies, as well as prepare a responsive answer and adequate defense.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff alleges that he contacted a Deputy United States Marshal in Oklahoma City, Oklahoma, who agreed to mail legal documents to Plaintiff, but instead intentionally deprived Plaintiff of those documents by causing Plaintiff's allegedly unlawful arrest in Jacksonville, Florida. He brings this action under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), against that Deputy United States Marshal and his unidentified supervisors, and he demands an award of $500,000,000.

As drafted, this complaint fails to meet Rule 8(a)'s minimal pleading standard. There are far too few factual allegations to support a *Bivens* claim. Sweeping assertions of misuse and abuse of legal process do not suffice, and, insofar as Plaintiff demands compensation for injuries sustained during his arrest, he fails to allege whether or how the named Defendants—who did not arrest him—would be liable.

The Court will thus grant Plaintiff's application to proceed *in forma pauperis* but will dismiss the complaint and this civil action without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

DATE: August 4, 2021

CARL J. NICHOLS
United States District Judge